**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

BIGOS-LOU PARK II, L.L.C.,

Plaintiff,

Civil No. 00-2556 MJD/AJB

v.

**PRETRIAL SCHEDULING ORDER**

CBS CONSTRUCTION SERVICES, INC., ET AL.,

Defendants.

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court as amended effective May 1, 2000, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Discovery Plan

1. Factual discovery shall be commenced in time to be completed by May 1, 2002.

2. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before March 1, 2001.

3. Expert Witnesses

   a. Parties intending to use expert witnesses, shall disclose the identity of expert witnesses under Rule 26(a)(2)(A) on or before August 1, 2001.

   b. Full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witnesses, shall be made on or before November 1, 2001.

   c. The identification of rebuttal expert witnesses shall be disclosed on or before September 3, 2001.

FILED FEB 08 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

d. Full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the rebuttal expert witnesses, shall be made on or before January 4, 2002.

e. Supplemental reports of expert witnesses shall be disclosed on or before March 1, 2002.

f. Any party asserting a claim or cross claim, falling under the dictates of MINN. STAT. § 544.42, subd. 2, shall submit, on or before August 1, 2001, the affidavit contemplated by MINN. STAT. § 544.42, subd. 3(a)(1).

g. Any party asserting a claim or cross claim, falling under the dictates of MINN. STAT. § 544.42, subd. 2, shall submit, on or before November 1, 2001, the affidavit contemplated by MINN. STAT. § 544.42, subd. 4.

4. Interrogatories [counted in accordance with Fed. R. Civ. R. 33(a)].

a. Plaintiff may serve not more than 25 on each Defendant.

b. Defendants, collectively, may serve not more than 25 on Plaintiff.

c. Defendants, individually, may serve not more than 15 on Plaintiff.

d. Defendants may serve not more than 15 on any other Defendant in connection with a cross claim.

5. No more than 10 depositions, excluding expert witness depositions, shall be taken by any party. No person shall be deposed more than once and so; interested parties must coordinate accordingly.

Non-Dispositive Motions

(Non-dispositive motions may be scheduled for hearing by calling Kathy Thobe, Calendar Clerk, 651-848-1210.)

1. All motions which seek to amend the pleadings or add parties must be filed and the hearing thereon completed by June 15, 2001. [Any motion for leave to amend to allege punitive damages must be served and filed before the discovery deadline date].

2. All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by the discovery deadline date, May 1, 2002.

3. All non-dispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1, and 37.2.

Dispositive Motions

1. All dispositive motions shall be filed and heard on or before July 2, 2002. (Counsel are advised that they must schedule this hearing by calling Calendar Clerk Angela Chianelli, 612-664-5073.)

2. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1.

Trial

This case shall be ready for a **Jury** trial on September 1, 2002, or upon resolution of any pending dispositive motions. Several expert witnesses are anticipated. Anticipated length of trial is 2 weeks.

Dated: 2/8/01

Arthur J. Boylan
United States Magistrate Judge

**NOTE**

Because the pleadings were not complete in this matter–specifically, the Court is referring to expected cross claims–the limits with respect to expert witnesses could not be adequately addressed at the Pretrial Scheduling Conference. The parties are contemplating early mediation in April, 2001. The Court will revisit the issue of expert witnesses at that time.